PER CURIAM:
Claimant brought this action for the value of his 1992 Ford Ranger pick up truck which was rendered a total loss in an accident that claimant had on County Route 7 (locally referred to as the Irontown Road) in Taylor County. Respondent is responsible for the maintenance of this road. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant was returning from his workplace, the Pruntytown Correctional Center, on February 14, 2000, at approximately 7:30 a.m. on his way to his home in Kingwood, Preston County. The weather was overcast and sprinkling rain. He had the vehicle headlights on as it was dark. He was traveling north on County Route 7 in Taylor County when he came upon water running across the roadway. He saw the water at a distance of some twenty-five to thirty yards so he took his foot off of the accelerator. He estimates his speed at 35 to 40 miles per hour. His truck went into the water, hydroplaned, flipped over end for end, then rolled over twice landing on the passenger side door on the right side of the road. County Route 7 is a two-lane, paved road. In the area of claimant’s accident there is a dip in the road just after a slight curve to the south of the dip and then the road becomes level before going uphill to the north of the dip. There was a culvert under the road in the area of the standing water which had become clogged causing water to overflow onto the roadway. Claimant described the water as running across the road, five to six feet in width, and six to seven inches deep at the deepest point. Claimant testified that there had been heavy rain in the area during the night. While he was still at the accident scene, he observed some men use a tree to unclog the culvert under the road. He did not receive any serious injuries other than some scrapes and bruises. He took a week of sick leave from his employment after the accident. He alleges damages in the amount of $3,800.00 to $3,900.00 for his pickup truck for which he received $1,500.00 in *109 salvage value and $1,200.00 to $1,100.00 for stress caused by the accident and for being without transportation for two months.
Respondent’s position in this claim is that it did not have notice of the pooling of water on County Route 7 at the time of claimant’s accident. Respondent sent a crew to the scene shortly after the accident. There were water problems on many of the road and highways in Taylor County being treated by respondent throughout the night of February 14, 2000, due to heavy rain in the area.
This accident was investigated by Sergeant Paul S. Ferguson of the WV State Police. His West Virginia Uniform Traffic Crash Report was made an exhibit in this claim. The report notes “slippery pavement” and “failure to maintain control” as contributing circumstances. The driver description of the accident was as testified to by the claimant.
Larry Weaver, a Transportation Crew Supervisor for Taylor County, testified that the accident scene herein is located on the portion of County Route 7 in Taylor County for which he is responsible. This is a secondary route which is a non divided highway or a road without a center line. Mr. Weaver received notification of claimant’s accident when he reported to work at 7:30 a.m. or thereabouts and dispatched a crew to the scene. He stated that about one and a quarter inches of rain had fallen during the night. He described the area of County Route 7 as having culverts under the road at intervals where there are low spots. The culverts have the inlet end on east side of the north-south road and the outlet end is on the west side. The claimant was traveling in a northerly direction. He measured the sight distance as a little over 400 feet for the driver traveling north. This particular road is about 16 feet in width and it has a posted speed limit of 35 miles per hour. He explained that the culverts were fairly new as these were replaced when the road was paved some three years prior to the accident herein.
James M. Lucas, an Equipment Operator III in Taylor County, testified that he was sent to County Route 7 on the morning of claimant’s accident where he and another employee took a small tree to unplug the clogged, fifteen-inch culvert. It was clogged by a plastic bag containing a plastic pop bottle and another bottle. They were able to push the items out of the culvert thus allowing the water to flow through the culvert and oif of the roadway. This alleviated the water problem.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). It is apparent in the instant claim that there was a heavy rain which caused problems for respondent throughout Taylor County on the night of claimant’s accident. Respondent addressed the problem with the clogged culvert on County Route 7 as soon as it received notice of the problem. The Court does not place a burden upon respondent of anticipating all problems with its roadways. If respondent receives notice of a serious problem on a road and alleviates that problem with proper notice and in an adequate frame of time, then it has met its responsibility to the traveling public. Therefore, the Court has determined that respondent was not negligent in its maintenance of County Route 7 at the time of claimant’s accident and it is not liable for this unfortunate accident.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.